*586
 
 By the Court.
 

 This cause, wherein relatrix prays a writ of mandamus to compel the building inspector of the city of Norwood to issue a building permit, was filed in this court by virtue of the court’s original jurisdiction; it being claimed that the relatrix is entitled to the permit by virtue of a legal duty imposed upon the building inspector. The respondent has filed an answer, making two defenses. Relatrix has demurred to both defenses. In the first defense it is alleged that the building inspector has duties prescribed by an ordinance of council, and that he cannot, by virtue of the duties and limitations placed upon him, issue building permits without first referring the plans of structures to the planning commission for its approval. It is further alleged that Section 4366-4, General Code, applies; that statute providing: ‘
 
 ‘
 
 Council may authorize the commission to control the height, design and location of buildings.” Pursuant to that authorization council has passed an ordinance conferring this power upon the planning commission. Upon submission of the plans and specifications to the building inspector, they were referred to the planning commission and a date set for hearing, and the planning commission suggested a certain setback for said building, but relatrix did not agree to the setback and the planning commission therefore refused to recommend that the building inspector grant the permit.
 

 Whether or not the planning commission has exceeded its authority, and whether or not the setback was a reasonable one, it is apparent that the building inspector has no power or authority to issue a permit until authorized by the planning commission.
 
 *587
 
 The planning commission is not a party to this suit. Mandamus will not lie, except in the case of the nonperformance of a duty imposed by law. No duty is imposed upon the building inspector to issue a permit, in the absence of authorization by the planning, commission. The first defense of the answer, therefore, states a valid defense, and the demurrer must be overruled.
 

 The second defense alleges that relatrix owns lots 602 and 603 of Elsmere subdivision in Norwood, and that prior to her acquisition of said property it was owned by the Suburban Real Estate Company, and that during the time of the ownership by said real estate company, to-wit, on July 28, 1913, that company gave an easement over a portion of lot 603 for the purpose of constructing one of the city’s main sewers. The second defense further alleges that the proposed building would cover lot 603 in its entirety, and thereby destroy the city’s access to the sewer for purposes of reconstruction, repair, or care. It is therefore the claim of relatrix that, if she is denied the right to construct the building over the entire territory of said lot, she will be deprived of a right which belongs to her, and which has never been conveyed away. It appeared in argument that the sewer is deep under the surface, and that the foundations of the building will not interfere with the operation of the sewer, though it must be admitted that it would absolutely prevent making repairs to the sewer, in the event the same became necessary.
 

 It is the claim of the building inspector, as it is, of course, the claim of the planning commission, as well as the claim of the eity itself, that when it ao
 
 *588
 
 quired the easement over the corner of lot 603 that easement carried with it the right of reconstruction and repair. The city is not a party to this proceeding, and manifestly the rights of the city could not .be determined in an action where only the building inspector is a party defendant. The principal purpose of both defenses is therefore to call attention to the fact of defect of parties. Manifestly the relatrix has mistaken her remedy.
 

 The demurrer must therefore be overruled.
 

 Demurrer overruled.
 

 Marshall, C. J., Kinkade, Day and Allen, JJ., concur.